(Reap. Dec. 10496)

UNITED CHINA & GLASS COMPANY v. UNITED STATES

Entry No. 6675–H, etc.

(Decided April 18, 1963)

*Stein & Shostak* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement enumerated in the attached schedule of cases have been submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise marked "V" and initialed LMH by Lynn M. Hakes, Jr., on the invoices accompanying the entries covered by the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the ex factory invoiced unit values, net packed.

That all of the merchandise covered by all of the appeals for reappraisement the subject of this stipulation was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, 93 Cust. Ct. [*sic*] 14, issued January 20, 1958, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, that there were no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

It appears that all of the merchandise covered by these appeals was imported subsequent to the effective date of the Customs Simplifica-

tion Act of 1956, 70 Stat. 943, and the final list issued pursuant thereto in 93 Treas. Dec. 14, T. D. 54521. Some of the articles may be included in the said final list and some may not. The former are subject to appraisement under section 402a(d) of said Customs Simplification Act of 1956 and the latter under section 402(b) of said act. It has been stipulated, however, that export value is the proper basis of appraisement of all the articles involved herein and that there is no higher foreign value for any merchandise included in the said final list.

On the record presented, I find that export value, as that value is defined in section 402(b) or section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the values of the articles represented by the items marked with the letter "V" and the initials of the examiner on the invoices accompanying the entries covered by these appeals and that such values are the ex-factory invoiced unit values, net, packed.

Judgment will be rendered accordingly.